UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE *EX PARTE* APPLICATION OF MARCELO BOMBAU FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicant.

20 Misc. 158

ORDER

LORNA G. SCHOFIELD, United States District Judge:

WHEREAS, on March 16, 2020 Applicant filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery in a foreign proceeding. ECF 1;

WHEREAS, on March 25, 2020, the Court directed Applicant to serve all interested parties, including the subpoena recipient(s), with the papers in support of the application by April 3, 2020. Responsive papers, if any were due on April 10, 2020. ECF 6;

WHEREAS, on March 25, 2020, Applicant filed a letter informing the Court that counsel for the subpoena recipient and the adversary in the foreign proceeding had been served the papers in support of the application. ECF 7;

WHEREAS, no responsive papers were filed on April 10, 2020;

WHEREAS, "[a] district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 205) (internal citation omitted); *accord In re Eurasian Bank JSC*, 19 Misc. 568, 2020 WL 85226, at *1 (S.D.N.Y. Jan. 2, 2020);

WHEREAS, if the statutory requirements are met, a district court may grant discovery under § 1782 in its discretion. Four factors to consider as part of this determination are:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome.

*Mees*, 793 F.3d at 298 (internal citation omitted); *accord In re Eurasian Bank JSC*, 2020 WL 85226, at *2. It is hereby

**ORDERED** that Applicant's § 1782 application is GRANTED. Applicant has established the statutory requirements. Applicant seeks discovery from The Bank of New York Mellon Corporation ("BNYMC") which has its global headquarters in New York, and the discovery sought is for use in a foreign judicial proceeding where Applicant is a party. *See* ECF 4 ¶¶ 2, 12. The discretionary factors also counsel granting the application, as BNYMC is not a party in the foreign proceeding and the foreign court has issued a letter rogatory requesting judicial assistance. *See* ECF 4 ¶¶ 5, 9; ECF 4-1. Moreover, though all interested parties were provided an opportunity to file responsive papers, none were filed. It is further

**ORDERED** that counsel for Applicant is authorized to take discovery from BNYMC, related to the issues identified in the Application, including issuing a subpoena in substantially similar form to the one attached to the Application. BNYMC shall comply with the subpoena within **thirty days** of its service.

Dated: April 13, 2020
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**